UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>K. BREWER, et al.,<br><br>Defendants. | No. 2:21-cv-1413 KJM KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. On August 9, 2021, plaintiff submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims he received a "bogus" rules violation report ("RVR") on June 15, 2021, for indecent exposure, and alleges issues with the subsequent disciplinary hearing. (ECF No. 1.) As discussed below, plaintiff's complaint is dismissed with leave to amend, and his pending motions are denied without prejudice.

Plaintiff's Complaint

Plaintiff did not sign his complaint. Parties proceeding without counsel are required to sign all pleadings, motions, and other papers submitted to the court for filing. Fed. R. Civ. P. 11(a). Moreover, plaintiff's complaint is incomplete because he sets forth no requested relief. Thus, plaintiff's complaint is dismissed and plaintiff is granted leave to file an amended complaint, using the court's form. Failure to file a complete amended complaint using the court's form and bearing plaintiff's signature will result in the dismissal of this action.

1

Objections

On December 9, 2021, plaintiff filed objections to the court's October 4, 2021 order denying plaintiff's motion to compel. Subsequently, plaintiff provided a completed motion to proceed in forma pauperis, and the CDCR filed plaintiff's trust account statement. Thus, plaintiff's objections are now moot. That said, because plaintiff's complaint is incomplete, the court is unable to determine whether plaintiff is entitled to proceed in forma pauperis inasmuch as he has sustained three strikes under 28 U.S.C. § 1915(g). See Bradford v. German, 1:15-cv-1511 LJO BAM (E.D. Cal. Dec. 18, 2018). Once plaintiff files his amended complaint, the court will address whether plaintiff may proceed in forma pauperis.

Motion to Consolidate

Plaintiff submitted a motion to consolidate five actions filed by plaintiff in this court on August 9, 2021:

   Bradford v. Mebane, No. 2:21-cv-1410 JAM CKD (E.D. Cal.)
   Bradford v. DeJesus, No. 2:21-cv-1411 KJM CKD (E.D. Cal.)
   Bradford v. Church, No. 2:21-cv-1412 JAM KJN (E.D. Cal.)
   Bradford v. Brewer, No. 2:21-cv-1413 KJM KJN (E.D. Cal.)
   Bradford v. Valley, No. 2:21-cv-1414 JAM DMC (E.D. Cal.)

(ECF No. 4.)

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Id. In exercising its discretion, the Court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984).

Here, plaintiff's motion to consolidate is premature because the court has not yet determined whether this case may proceed in light of plaintiff having sustained three strikes under 28 U.S.C. 1915(g), and the court has not yet determined whether he states a cognizable civil rights claim. Moreover, plaintiff failed to set forth facts showing that each of the five cases

involve common questions of law or fact. Indeed, review of the two cases assigned to the undersigned reflects just the opposite: in this case, plaintiff challenges a prison disciplinary; in Case No. 2:21-cv-1412 JAM KJN, plaintiff raises Eighth Amendment medical claims.[1] Such cases do not share a common question of law or fact and therefore should not be consolidated. In addition, plaintiff's Case No. 2:21-cv-1411 KJM CKD was terminated on December 15, 2021, and on December 7, 2021, in Case No. 2:21-cv-1410 JAM CKD, the assigned magistrate judge recommended the case be dismissed. The court will not consolidate cases that are closed. For all of these reasons, plaintiff's motion to consolidate is denied without prejudice.

Motions for Injunctive Relief

Within plaintiff's motion to consolidate and within his objections, plaintiff set forth two putative motions for preliminary injunction and for temporary restraining orders. (ECF Nos. 4, 10.)

Applicable Law

A temporary restraining order preserves the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed only to prevent irreparable loss of rights prior to judgment. Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974). The standards for both forms of relief are essentially the same. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001)("Because our analysis is substantially identical for the injunction and the TRO [temporary restraining order], we do not address the TRO separately.").

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citations omitted); Epona v. Cty. of Ventura, 876 F.3d 1214, 1227 (9th Cir. 2017). The party seeking a preliminary injunction must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

3

injunction is in the public interest." Winter, 555 U.S. at 20 (citations omitted); see also American Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20); Fed. R. Civ. P. 65 (governing both temporary restraining orders and preliminary injunctions). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. See Winter, 555 U.S. at 22 (citation omitted). Also, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party. . . . ").

Further, a plaintiff seeking preliminary injunctive relief must demonstrate a sufficient nexus between the injury claimed in the motion and the conduct asserted in the underlying complaint. Pacific Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir. 2015). "The relationship . . . is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally." Id. (quotation marks omitted). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." Id.; see Saddiq v. Ryan, 703 F. App'x 570, 572 (9th Cir. 2017) (unpublished) (affirming denial of preliminary injunction because the prisoner did not establish a nexus between the claims of retaliation in his motion and the claims set forth in his complaint).

Discussion

Here, plaintiff's motions are insufficient to demonstrate plaintiff is entitled to injunctive relief. First, plaintiff fails to address the elements required under Winter. Second, none of these motions is based on the alleged false RVR or the subsequent disciplinary hearing. Thus, as pled, there is an insufficient nexus. Third, in addition to seeking relief unrelated to the underlying issues in the complaint, plaintiff seeks wide-ranging relief. For example, he seeks a "24-hour observation unit team to ensure his safety, security and programming needs are met, reimbursement of IRS funds, return of [ ] six boxes of . . . property [including legal materials], extraordinary conduct credits, milestones, elderly, medically vulnerability advisable early release, good time restoration of credits for false imprisonment from May 17, 2018, through to date." (ECF No. 10 at 3.) In cases brought by prisoners involving conditions of confinement, any

preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Plaintiff's motions for relief are not narrowly drawn as required. Id. Therefore, plaintiff's four motions (ECF No. 4, 10) are denied without prejudice.

Motion for Guardian ad Litem

In his objections, plaintiff also sought appointment of a guardian ad litem under Federal Rule of Civil Procedure 17(c). Rule 17(c) provides in relevant part that:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2). The Ninth Circuit has held that when "a substantial question" exists regarding the mental incompetence of a pro se litigant, the district court should conduct a hearing to determine competence so that a guardian ad litem may be appointed if appropriate. Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005); Krain v. Smallwood, 880 F.2d 1119, 1121 (9th Cir. 1989). Other circuits have held that a district court's duty of inquiry under Rule 17(c) is triggered by "verifiable evidence" of incompetence. See, e.g., Powell v. Symons, 680 F.3d 301, 307 (3rd Cir. 2012); Ferrelli v. River Manor Health Care Center, 323 F.3d 196, 203 (2d Cir. 2003).

In support of his motion, plaintiff provides a May 18, 2021 declaration submitted by Joseph Wheeler, counsel for defendants in Bradford v. Usher, No. 1:17-cv-1128 SAB (E.D. Cal.) (Fresno Div.), in which counsel sought modification of the court's scheduling order. (ECF No. 10 at 8.) Counsel explained that plaintiff's deposition was rescheduled twice due to plaintiff's housing in a mental health crisis bed, such that the discovery deadline should be continued for ninety days, until August 20, 2021, given the uncertainty of how long plaintiff would be so housed.

Plaintiff's evidence does not raise a substantial question regarding plaintiff's current state of competence. Plaintiff does not state that he is presently housed in a mental health crisis bed. Rather, plaintiff claims his mental health interdisciplinary treatment team ("IDTT") determined

1  plaintiff would not be permitted to participate in this civil suit and others while in the mental
2  health unit program under a P.C. 2602 Keyhea order.[2] (ECF No. 10 at 4.) Plaintiff provides no
3  evidence to support such claim, for example, a copy of a document demonstrating that the IDTT
4  so found.[3]  But, to the extent plaintiff contends he is entitled to a guardian ad litem simply
5  because he is being involuntarily medicated under a Keyhea order, such conclusory statement is
6  insufficient to raise a substantial question as to plaintiff's current mental competence.

7  Plaintiff failed to provide evidence of his current mental health diagnosis, and submitted
8  no documents, such as a treating physician's notes, to show the effects of such diagnosis on the
9  prosecution of this case.  Thus, plaintiff fails to demonstrate there is a nexus between his mental
10 disorder and his ability to articulate his claims.  Indeed, his filings in the cases reviewed herein
11 reflect plaintiff's ability to articulate his claims.  Therefore, on this record, the undersigned does
12 not find that a competency hearing with appointed counsel is warranted.

Appointment of Counsel

Finally, plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider

---

[2] Section 2602(b) provides: "If a psychiatrist determines that an inmate should be treated with psychiatric medication, but the inmate does not consent, the inmate may be involuntarily treated with the medication. Treatment may be given on either a nonemergency basis as provided in subdivision (c), or on an emergency or interim basis as provided in subdivision (d)." Cal. Penal Code § 2602. See also Keyhea v. Rushen, 178 Cal.App.3d 526, 223 Cal. Rptr. 746 (1986). In Keyhea, the California Court of Appeal "upheld a consent decree affirming the right of state prisoners to refuse anti-psychotic medications except under certain limited circumstances." In re Qawi, 32 Cal.4th 1, 7 Cal.Rptr.3d 780, 81 P.3d 224, 235 (2004).

[3] Indeed, court records reflect that plaintiff has continued to file documents in his court cases. For example, in Usher, Case No. 1:17-cv-1128 SAB, plaintiff filed eight documents after the scheduling order was modified. Id.  As noted above, on August 9, 2021, plaintiff filed five separate civil rights actions, and plaintiff filed multiple documents in such actions, including in November and December of 2021.

plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Plaintiff's motion (ECF No. 10) is denied without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed;

2. Within thirty days from the date of this order, plaintiff shall file an amended complaint that includes a request for relief and bears his signature; such amended complaint shall be filed on the court's § 1983 complaint form;

3. The Clerk of the Court is directed to send plaintiff the form for filing a § 1983 complaint by a prisoner;

4. Plaintiff's motion to consolidate (ECF No. 4) is denied without prejudice; and

5. Plaintiff's six additional motions (included in ECF Nos. 4, 10) are denied without prejudice.

Dated: December 27, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/kaha1807.r11+