UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. BREWER, et al.,<br><br>　　　　　Defendants. | No. 2:21-cv-1413 KJM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). In his amended complaint, plaintiff challenges a rules violation report he received on June 13, 2021. Plaintiff also includes a request for injunctive relief and a request that the undersigned reconsider the denial of plaintiff's motion to consolidate this action. As set forth below, plaintiff's requests are denied

Injunctive Relief

Plaintiff seeks a 24-hour observation unit team medical hold for 180 days to prevent his transfer, claiming he would continue to be the victim of irreparable harm daily.

*Governing Law*

A temporary restraining order preserves the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed only to prevent irreparable loss

1

of rights prior to judgment. Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974). The standards for both forms of relief are essentially the same. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("Because our analysis is substantially identical for the injunction and the TRO [temporary restraining order], we do not address the TRO separately.").

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citations omitted); Epona v. Cty. of Ventura, 876 F.3d 1214, 1227 (9th Cir. 2017). The party seeking a preliminary injunction must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20 (citations omitted); see also American Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20); Fed. R. Civ. P. 65 (governing both temporary restraining orders and preliminary injunctions). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. See Winter, 555 U.S. at 22 (citation omitted). Also, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party. . . . ").

Further, a plaintiff seeking preliminary injunctive relief must demonstrate a sufficient nexus between the injury claimed in the motion and the conduct asserted in the underlying complaint. Pacific Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir. 2015). "The relationship . . . is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally." Id. (quotation marks omitted). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." Id.; see Saddiq v. Ryan, 703 F. App'x 570, 572 (9th Cir. 2017) (unpublished) (affirming denial of preliminary injunction because the prisoner did not establish a nexus between the claims of retaliation in his motion and the claims set forth in his complaint).

////

*Discussion*

Plaintiff's vague allegations are insufficient to meet the elements required under Winter. Plaintiff fails to explain why he requires a medical hold, or how a transfer might pose a threat of harm. Plaintiff also states, in conclusory fashion, that the named defendants put "plaintiff's health and safety at risk due to an ongoing conspiracy to commit murder against him and obstruction of justice." (ECF No. 17 at 3.) But plaintiff provides no facts to support such statement, and his underlying allegations concerning the "bogus" rules violation report do not provide such support. Absent such factual support, the court is unable to evaluate each element required under Winter.

Moreover, a plaintiff seeking preliminary injunctive relief must demonstrate a sufficient nexus between the injury claimed in the motion and the conduct asserted in the underlying complaint. Pacific Radiation Oncology, LLC, 810 F.3d at 636. Here, because plaintiff challenges a prison disciplinary, allegations concerning medical care or a proposed transfer would bear no such nexus. Thus, plaintiff's motion is denied without prejudice.

Consolidation

Finally, plaintiff included a request that the court reconsider his motion to consolidate, but appears to now seek consolidation of this action with only his prior action, Bradford v. Church, No. 2:21-cv-1412 DAD KJN (E.D. Cal.), rather than to his additional cases cited in his prior request. (ECF No. 17 at 7.) However, as the court previously explained, plaintiff's challenges to his medical care in Case No. 2:21-cv-1412 DAD KJN, do not share a common question of law or fact to plaintiff's challenge to his prison disciplinary raised herein. (ECF No. 14 at 3.) Thus consolidation is inappropriate. Plaintiff's motion is denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for injunctive relief (ECF No. 17 at 5-6) is denied without prejudice; and

2. Plaintiff's motion to consolidate (ECF No. 17 at 7) is denied.

Dated: October 4, 2022

/brad1413.tropi

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE