UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RAYMOND ALFORD BRADFORD, | No. 2:21-cv-1413 KJM KJN P |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| K. BREWER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis. See 28 U.S.C. § 1915(a). As discussed below, plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

Section 1915(g)

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court records confirm that on at least three occasions lawsuits filed by the plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted. Indeed, in Bradford v. German, No. 1:15-cv-

1

1511 LJO BAM (E.D. Cal. Oct. 14, 2015), the district court found plaintiff had sustained at least three strikes, taking judicial notice of the following cases filed by plaintiff:

> Bradford v. White, et al., 2:98-CV-00180-FCD-JFM-P (dismissed June 3, 1999, for frivolousness and as barred by the statute of limitations); Bradford v. Terhune, et al., 2:02-CV-01859-FCD-GGH-P (dismissed June 18, 2003, pursuant to 28 U.S.C. § 1915(g)); Bradford v. Terhune, et al., 1:04-CV-05496-AWI-DLB-PC (dismissed October 21, 2004, for failure to state a claim); Bradford v. Superior Court of CA, 1:07-CV-01031-OWW-LJO (dismissed August 21, 2007, for frivolousness) Bradford v. Grannis, 2:05-CV-00862-FCD-DAD-P (dismissed September 30, 2007, for frivolousness and failure to state a claim); Bradford v. Amaya, 1:08-CV-00211-OWW GSA (dismissed April 17, 2008, for failure to state a claim; and Bradford v. Terhune, et al., 1:04-CV-05261-LJO-SMS-PC (dismissed May 12, 2008, for failure to state a claim).

Bradford v. German, No. 1:15-cv-1511 LJO BAM (ECF No. 4 at 1, n.1.) The undersigned takes judicial notice of all of the above cases. Each of the above cases were filed prior to the instant action. The above cases demonstrate plaintiff sustained three strikes under § 1915(g).

Imminent Danger

Plaintiff is therefore precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The operative pleading must make "a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit). The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2015). But assertions of imminent danger may be rejected as overly speculative, fanciful, or conclusory. Andrews, 493 F.3d at 1057, n.11.

In addition, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint." Ray v. Lara, 31 F.4th 692 (9th Cir. 2022) (adopting nexus test). "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would

////

redress that injury." Id. at *7 (adopting test as articulated by Second Circuit, citation omitted). The three-strikes litigant must meet both requirements of the nexus test to proceed. Id.

Here, liberally construing the amended complaint,[1] plaintiff challenges a rules violation report he received on June 15, 2021, for indecent exposure. Plaintiff contends he is entitled to the imminent danger exception because his "allegations are supported by evidence, i.e., his complaint is plausible under the imminent danger standard." (ECF No. 17 at 5.) However, as discussed above, plaintiff must set forth facts demonstrating he faced an imminent danger of serious physical injury that is fairly traceable to his underlying allegations which challenge the rules violation report. Plaintiff does not.

Plaintiff does state, in conclusory fashion, that the named defendants put "plaintiff's health and safety at risk due to an active and ongoing conspiracy to commit murder against him and obstruction of justice." (ECF No. 17 at 3.) But plaintiff provides no facts to support such statement, and he fails to demonstrate a nexus between such conclusory statement and his underlying challenge to the rules violation report concerning indecent exposure.

Because plaintiff alleges no plausible facts suggesting that he was under imminent danger of serious physical injury at the time he filed this action on August 9, 2021, he may not invoke the exception to 28 U.S.C. §1915(g). Therefore, plaintiff must submit the court's filing fee in order to proceed with this action.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 11) be denied; and

2. Plaintiff be ordered to pay the court's filing fee in full within thirty days from the date of any district court order adopting the instant findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections

---

[1] The other motions contained in the amended pleading were addressed by separate order. (ECF No. 18.)

3

with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 6, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/brad1413.1915g