UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Raymond Alford Bradford, | No. 2:21-cv-01413-KJM-KJN |
| Plaintiff, | ORDER |
| v. | |
| K. Brewer, et al., | |
| Defendants. | |

    Plaintiff Raymond Bradford moves for reconsideration of this court's previous order, which adopted the Magistrate Judge's recommendation to deny Bradford's application to proceed in forma pauperis. *See generally* Mot. Recons., ECF No. 21; Prev. Order, ECF No. 20; F&Rs, ECF No. 19. In that previous order, this court noted that Bradford had not filed objections to the Magistrate Judge's findings and recommendations. *See* Prev. Order at 1. Bradford claims he could not object because correctional officers stole his legal materials and personal belongings. *See* Mot. at 2.

    The court assumes without deciding that factors beyond Bradford's control prevented him from filing timely objections. The court also construes Bradford's motion to reconsider as objections to the Magistrate Judge's findings and recommendations and considers those objections now. They do not show Bradford should be permitted to proceed in forma pauperis. As the Magistrate Judge correctly explained, at least three of Bradford's previous lawsuits were

1

dismissed as "frivolous or malicious" or because they "failed to state a claim upon which relief may be granted." F&Rs at 1–2 (citing cases). For that reason, Bradford could proceed in forma pauperis in this action only if he is "under imminent danger of serious physical injury." *Id.* at 2 (quoting 28 U.S.C. § 1915(g)). He has not shown that he faces any such danger, neither in his original request nor in his motion for reconsideration.

Bradford's motion might also be construed as a late request to reconsider the Magistrate Judge's order denying his motions for injunctive relief and to consolidate. *See* MJ Order, ECF No. 18. The court assumes without deciding that Bradford is entitled to relief from the deadlines imposed by this district's local rules. *See* E.D. Cal. L.R. 303(b) (setting deadlines for reconsideration by district judges). When asked to reconsider a magistrate judge's pretrial orders, a district court must determine whether the Magistrate Judge's order is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). Bradford identifies no legal errors in the Magistrate Judge's order. The Magistrate Judge correctly applied the legal standard for pretrial motions for injunctive relief, *see* MJ Order at 1–3, and consolidation, *see id.* at 3. The Magistrate Judge denied relief because Bradford did not "explain why he requires a medical hold, or how a transfer might pose a threat of harm." *Id.* at 3. The Magistrate Judge also found no evidence in the record to support Bradford's claims of imminent harm. *See id.* As for consolidation, the Magistrate Judge could see no "common questions of law or fact" in the matters Bradford would consolidate. *See id.* These findings were not clearly in error.

The motion for reconsideration (ECF No. 21) is **denied**. This matter is referred again to the assigned Magistrate Judge for further proceedings.

IT IS SO ORDERED.

DATED: January 17, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE